## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ARTHUR R. WATSON, | DOCKET NUMBER |
|       Appellant, | DE-0752-24-0339-I-1 |
|   v. | |
| DEPARTMENT OF VETERANS | DATE: April 24, 2026 |
|   AFFAIRS, | |
|       Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Arthur R. Watson, Aurora, Colorado, pro se.

Kevin C. Keyes, Esquire, and Sean A. Safdi, Esquire, Denver, Colorado,
    for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND this appeal to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

At the time of his February 2019 retirement, the appellant was a GS-4 Medical Support Assistant. Initial Appeal File (IAF), Tab 6 at 9. Apparently, he previously held a Supply Technician position but, in 2018, as part of an accommodation for his hearing disability, he was reassigned to the Medical Support Assistant position. IAF, Tab 5 at 1, Tab 6 at 13-14; Petition for Review (PFR) File, Tab 1 at 54. In December 2019, the appellant initiated another reasonable accommodation request and, as part of that process, submitted a Form 0857E. PFR File, Tab 1 at 5. This form indicated that his "impairment ha[d] resolved" and that he had "no limitations." IAF, Tab 1 at 7-10. On December 11, 2018, the appellant was instructed that the Form 0857E he submitted was not fully completed and he was told it was "not appropriate for [him] to fill out the answers and have the doctor sign [it]." PFR File, Tab 1 at 5.

Unrelated to the issues with the Form 0857E, on February 11, 2019, the agency proposed the appellant's removal based on a charge of unacceptable performance, citing errors in making appointments for veterans. *Id.* at 8-11. He retired effective February 20, 2019. IAF, Tab 6 at 9. The agency never made a decision on the proposed adverse action.

The appellant filed the instant appeal on June 21, 2024. IAF, Tab 1. He alleged that he was falsely accused of forging a Form 0857E, denied a reasonable accommodation, and was told to retire or he would be removed. IAF, Tab 1 at 2, 4. He also alleged that the agency committed harmful error and a prohibited personnel practice. *Id.* at 2. The appellant requested a hearing. *Id.* at 1.

After affording the parties an opportunity to submit evidence and argument on jurisdiction, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 8, Initial

Decision (ID) at 1, 7. He found that the appellant did not raise a nonfrivolous allegation that his February 2019 retirement was involuntary. ID at 4. Although the appellant claimed he was forced to retire, the administrative judge found that the appellant did not provide factual support for this assertion. ID at 5. With respect to the appellant's claim of a false accusation of forgery, denial of reasonable accommodation, and a hostile work environment, the administrative judge concluded that the appellant's allegations were vague and conclusory. ID at 5-7. The initial decision made no finding regarding the timeliness of the appeal.

The appellant has filed a petition for review of the initial decision. PFR File, Tab 1. The agency has filed a response to the petition for review. *Id.*, Tab 3.

## ANALYSIS

An employee-initiated action, such as a retirement, is presumed to be voluntary and therefore outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *See Schultz v. U.S. Navy*, 810 F.2d 1133, 1135-36 (Fed. Cir. 1987); *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 5 (2015). The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). An appellant that makes nonfrivolous allegations of fact that, if proven, could establish jurisdiction over his involuntary retirement appeal and has requested a hearing, is entitled to a jurisdictional hearing. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 18 (2007); *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

<u>The administrative judge properly found that the appellant did not make a nonfrivolous allegation that his retirement was involuntary on the basis of coercion.</u>[2]

On review, the appellant appears to reallege that his retirement was the result of coercion or duress when he was forced to make a decision between opposing the proposed removal action against him or retiring. PFR File, Tab 1 at 8, 115. As the administrative judge correctly reasoned, the fact that an employee is faced with an unpleasant choice or that his choice is limited to two unattractive options, such opposing a proposed removal or retiring, does not make his decision any less voluntary.[3] ID at 4-5; *see Schultz,* 810 F.2d at 1136*; Searcy v. Department of Commerce,* 114 M.S.P.R. 281, ¶ 12 (2010); *Sainz v. Department of Justice*, 32 M.S.P.R. 678, 682 n.3, *aff'd*, 835 F.2d 870 (Fed. Cir. 1987) (Table).

Another means of showing that an otherwise voluntary action is involuntary is for the employee to show that the agency knew that a threatened removal action cannot be substantiated. *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 10 (2007); *see Schultz*, 810 F.2d at 1136. Here, the appellant does not allege that his removal could not be substantiated or otherwise address the unacceptable performance charge. PFR File, Tab 1; IAF, Tabs 1, 6. He does argue that he was falsely accused of forging the Form 0857E, but this was unrelated to the proposed removal and therefore does not support a finding that the action could not be substantiated. IAF, Tab 1 at 2. Accordingly, we agree with the administrative judge's finding that the appellant did not make a

---

[2] The appellant does not dispute the administrative judge's findings that he did not make a nonfrivolous allegation that his retirement was involuntary on the basis of the denial of a reasonable accommodation or intolerable working conditions. PFR File, Tab 1; ID at 5-7. We agree that the appellant's allegations were vague, conclusory, and contradictory and discern no basis to disturb the administrative judge's finding.

[3] Below, the appellant asserted that an unidentified agency official told him to "retire or be fired." IAF, Tab 1 at 4. As found by the administrative judge, such an assertion, even if actually made, does not establish coercion. ID at 4-5. We discern no basis to disturb this finding.

nonfrivolous allegation that his retirement was involuntary due to coercion in this regard.

## The appellant has made a nonfrivolous allegation that his retirement was involuntary due to misinformation.

For the first time on review, the appellant argues that he retired due to misinformation provided to him by an agency Employee Labor Relations Specialist. PFR File, Tab 1 at 115. He submits a handwritten note written partly in the first person but signed by someone else with the same last name as the appellant. *Id.* The note states that an Employee Labor Relations Specialist told the appellant "retire in 7 days or be fired and lose all of [his] retirement benefits." *Id.*. Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence or argument submitted for the first time on review unless the party shows that it was previously unavailable despite due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). However, the Board has also recognized that jurisdiction is always before it, *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010), and because of the appellant's pro se status and the seriousness of the allegations made on review, under the circumstances of this appeal we consider the new evidence.

Agencies must provide accurate information to allow employees to make an informed, and thus voluntary, decision regarding resignation or retirement. *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009). To support a claim of an involuntary retirement based on misinformation, an appellant must show that the agency made misleading statements and that he reasonably relied on them to his detriment. *Id.*; *see Morrison*, 122 M.S.P.R. 205, ¶ 8 (2015). The misleading information can be negligently or even innocently provided; if the employee materially relies on such misinformation to his detriment, based on an objective evaluation of the circumstances, his retirement is considered involuntary. *Morrison*, 122 M.S.P.R. 205, ¶ 8.

6

The Board has found that inaccurate statements suggesting that an employee will lose earned retirement benefits if they do not retire by a certain date can render the retirement involuntary. *Morrison*, 122 M.S.P.R. 205, ¶¶ 7-8. Here, the appellant identified the individual who conveyed the information, stated that he was pressured to decide within a week, and was told he would lose all retirement benefits if he was removed. PFR File, Tab 1 at 115. The appellant's allegations, if true, could establish his claims of an involuntary retirement and thus constitute a nonfrivolous allegation. *See Vitale*, 107 M.S.P.R. 501, ¶ 18. Thus, we find that the appellant is entitled to a hearing at which he must prove that his retirement was involuntary by preponderant evidence.

As noted, the administrative judge made no finding regarding the timeliness of the appellant's appeal and that issue is unresolved on review. The appellant retired effective February 20, 2019, but did not file the instant appeal until June 21, 2024—more than 5 years later. IAF, Tab 1. On remand, the administrative judge shall provide the appellant with the appropriate notice of his burden of proof on timeliness and provide the parties with an opportunity to produce evidence and argument on the same. Recognizing that the issues of timeliness and jurisdiction are often inextricably intertwined in a case such as this, i.e., an involuntary retirement appeal, the administrative judge shall make a finding as to whether the appellant was subject to an appealable action and, if he was, shall then make a finding on the issue of timeliness. *Petric v. Office of Personnel Management*, 108 M.S.P.R. 342, ¶ 6 (2008) (explaining that the issues of jurisdiction and timeliness were inextricably intertwined in a constructive removal case because the resolution of the timeliness issue depends on whether the appellant is subject to an appealable action).

**ORDER**

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.